Citation Nr: 1829891 
Decision Date: 09/24/18 Archive Date: 10/03/18

DOCKET NO. 06-31 577 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in New Orleans, Louisiana


THE ISSUE

Entitlement to service connection for the residuals of a cerebrovascular accident (CVA), to include as a residual of a head injury during service, or as secondary to service-connected depressive neurosis, organic brain disorder and dementia.

REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

Michael Sanford, Counsel


INTRODUCTION

The Veteran (the appellant) served on active duty from January 1961 to October 1981.

This appeal to the Board of Veterans' Appeals (Board) arose from a May 2005 rating decision in which the RO denied service connection for residuals of stroke as well as denied entitlement to compensation under 38 U.S.C. § 1151 for the residuals of sinus surgery. In May 2005, the Veteran filed a notice of disagreement (NOD). A statement of the case (SOC) was issued in January 2009, and the Veteran filed a substantive appeal (via a VA Form 9, Appeal to the Board of Veterans' Appeals) in March 2009. 

In October 2009, the Board remanded the claim on appeal to afford the Veteran a requested Board hearing.

In March 2010, the Veteran and his wife testified during a Board hearing before the undersigned Veterans Law Judge at the RO; a transcript of the hearing is of record.

The Board notes that a claim for service connection for focal seizures, to include as a residual of a head injury during service, or as secondary to service-connected depressive neurosis, organic brain disorder and dementia, is the subject of a separate decision by a different Veterans Law Judge before whom the Veteran presented earlier testimony.

In February 2012, the Board remanded this claim to the agency of original jurisdiction (AOJ) for additional development. After accomplishing further action, the AOJ granted the claim for compensation under 38 U.S.C. § 1151 for the residuals of sinus surgery in a November 2012 rating decision. This action resolved the claim involving the sinus disability issue. Additionally, the AOJ continued to deny the claim for service connection for the residuals of CVA (as reflected in a March 2013 supplemental SOC (SSOC)).

In May 2013, June 2015 and April 2017, the Board again remanded this claim the AOJ for additional development. After accomplishing further action on each occasion, the AOJ continued to deny the claim (as reflected, most recently in a November 2017 SSOC), and returned the matter to the Board for further appellate consideration.


FINDING OF FACT

In September 2018, the Board confirmed that the appellant died on September [redacted], 2018.


CONCLUSION OF LAW

Due to the death of the appellant, the Board has no jurisdiction to adjudicate the merits of this appeal, at this time. 38 U.S.C. § 7104(a) (2012); 38 C.F.R. § 20.1302 (2017). 


REASONS AND BASES FOR FINDING AND CONCLUSION

Unfortunately, the appellant died during the pendency of the appeal. The Board confirmed through an online obituary that the Veteran died in September 2018. As a matter of law, appellants' claims do not survive their deaths. Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed. Cir. 1996); Smith v. Brown, 10 Vet. App. 330, 333-34 (1997); Landicho v. Brown, 7 Vet. App. 42, 47 (1994). This appeal on the merits has become moot by virtue of the death of the appellant and must be dismissed for lack of jurisdiction. See 38 U.S.C. § 7104(a); 38 C.F.R. § 20.1302.

In reaching this determination, the Board intimates no opinion as to the merits of this appeal or to any derivative claim brought by a survivor of the Veteran. 38 C.F.R. § 20.1106. The Board's dismissal of this appeal does not affect the right of an eligible person to file a request to be substituted as the appellant for purposes of processing the claim to completion. Such request must be filed not later than one year after the date of the appellant's death. See 38 U.S.C. § 5121A; 38 C.F.R. § 3.1010(b). A person eligible for substitution includes "a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title ...." 38 U.S.C. § 5121A; see 38 C.F.R. § 3.1010(a). An eligible party seeking substitution in an appeal that has been dismissed by the Board due to the death of the claimant should file a request for substitution with the VA office from which the claim originated (listed on the first page of this decision). 38 C.F.R. § 3.1010(b). 


ORDER

The appeal is dismissed.




 
JACQUELINE E. MONROE
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs